# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

JIMMY L. ELLIS,

        Plaintiff,

v.                                                                                                              Case No. 02-CV-478

RONALD MALONE and
OFFICER BUCHAMAM,

        Defendants.

_____

## ORDER

This case was originally filed on May 13, 2002. Judgment was entered against plaintiff on May 28, 2003. On November 16, 2009, over six years later, plaintiff filed a Motion for Leave to Amend (Docket #34) seeking amendment of the judgment. On December 7, 2009, the court entered an order denying such motion as untimely. (Docket #35). Then, on December 21, 2009, plaintiff filed another Motion for Leave to Amend (Docket #36), as well as a Motion for Good Cause (Docket #37).

Both of these latter two motions are entirely duplicative of the previously filed, and denied, Motion for Leave to Amend. Ellis's arguments have been considered and rejected by this court. His behavior only serves to further burden this court's limited resources. *In re McDonald,* 489 U.S. 180, 184 (1989) ("Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the [c]ourt's responsibility is to see that these resources are allocated in a way that promotes the interests of justice. The continual

processing of petitioner's frivolous requests for extraordinary writs does not promote that end."); *see also In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("Judicial resources are limited in the short run and need to be protected from wasteful consumption. Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims.") This order will be the final warning before the court contemplates issuing a prefiling injunction limiting the plaintiff's ability to file any more motions with this court in the matter at hand, a step several federal district courts have sadly had to take in order to limit abuses of the right to access the court. *See Miles v. Angelone*, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007) (issuing a prefiling injunction prohibiting the petitioner from filing any more motions for reconsideration without the Fourth Circuit's approval); *see also Frazier v. United States*, No. 4:03CV01060 ERW, 2009 U.S. Dist. LEXIS 5622, at *6 (E.D. Mo. Jan. 28, 2009) ("Petitioner's pattern of filing frivolous and improper motions in this case is an abuse of this Court's resources.") Other penalties may be imposed by this court at its discretion. *See Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (issuing a fine of $500 and holding that "any further applications for leave to file successive collateral attacks will be deemed denied on the 30th day unless the court otherwise orders" against a prisoner who filed excessive complaints with the court); *see also In re Walker*, 238 F.3d 426 [published in full-text format at 2000 U.S. App. LEXIS 38070] (6th Cir. 2000) ("[P]risoners who persist in flooding the courts with frivolous and

2

repetitive actions that waste the courts' time and resources … risk being sanctioned for doing so, including losing their ability to proceed in forma pauperis with respect to their future civil actions, as well as being subjected to a substantial fine.")

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Leave to Amend (Docket #36) be, and the same is hereby **DENIED with prejudice**; and

**IT IS ORDERED** that plaintiff's Motion for Good Cause (Docket #37) be and the same is hereby **DENIED with prejudice**.

Dated at Milwaukee, Wisconsin, this 6th day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge